IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE RUSSELL LONAS,

              Plaintiff,

v.                                                                                    OPINION and ORDER

SCOTT A. HOFTIEZER, JAMES GREER,                                 21-cv-233-jdp
DAVID BURNET, MARY MUSE, and ERIN LEITZ,

              Defendants.

---

Plaintiff Dessie Russell Lonas, appearing pro se, is an inmate at Oshkosh Correctional Institution. This is the second lawsuit in which Lonas contends that defendant prison officials violated his rights under the Eighth Amendment to the United States Constitution by failing to properly treat two medical problems: a hernia and broken nose.

I dismissed Lonas's original lawsuit about these issues after granting defendants' motion for summary judgment based on Lonas's failure to exhaust his administrative remedies. *Lonas v. Hoftiezer*, No. 16-cv-752-jdp, 2019 WL 4451157 (W.D. Wis. Sept. 17, 2019). I dismissed the case because Lonas submitted his grievances to prison officials only after he had already filed the '752 lawsuit, which was too late to exhaust his claims in that lawsuit. *Id.* at *3. Dismissal for failure to exhaust is always without prejudice, which means that Lonas was free to file a brand-new lawsuit about his medical care. But defendants could file another exhaustion-based summary judgment motion if he did. *Id.*

So Lonas has now filed the new lawsuit, which the court has opened under this case number. As predicted, defendants again seek summary judgment on exhaustion grounds. Dkt. 29. For the reasons stated below, I will grant that motion and dismiss the case, again without prejudice.

ANALYSIS

The Prison Litigation Reform Act establishes that prior to filing a lawsuit concerning prison conditions, an inmate must exhaust "such administrative remedies as are available." 42 U.S.C. § 1977e(a). To exhaust administrative remedies, an inmate must properly take each step within the administrative process, "in the place, and at the time, the prison's administrative rules require," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense, and the burden of proof is on the defendant. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

As in the previous case, the parties both focus on three documents (either formal grievances or letters that the parties agree should be treated as grievances) that Lonas submitted to the institution complaint examiner's (ICE) office in February 2017. On February 9, 2017, Lonas filed a grievance stating that he had complained for months about his hernia but was forced to wait to have surgery. Dkt. 31-3, at 2. Later that day, ICE program assistant Bob Bacon returned the grievance to Lonas, stating that Lonas needed to first attempt to resolve the issue informally under Wisconsin Administrative Code § DOC 310.09(4)[1] by contacting the Health Service Unit (HSU) assistant manager. *Id.* at 1. At that time, § DOC 310.09(4) stated: "Prior to accepting the complaint, the [examiner] may direct the inmate to attempt to resolve the issue." Lonas was directed to refile the grievance and provide the ICE with documentation of his attempts to resolve his issues with HSU staff. Dkt. 31-3, at 1.

The next day, Lonas sent a letter to the ICE office telling program assistant Bacon that Bacon should have contacted the HSU assistant manager himself. *Id.* at 5. Lonas also stated,

---

[1] Chapter DOC 310 was re-created in 2018, see Wis. Admin. Reg., No. 747 (Mar. 2018), but I will refer to the version in place at the time of the grievances filed in this case.

2

"as for your written documents or attempts they were sent to a federal judge a long time ago." *Id.* Bacon treated this letter as another grievance, returned it to Lonas, and for a second time instructed Lonas to refile his grievance including documentation of his attempts to resolve his issues with HSU staff. *Id.* at 4. A few days later, Lonas filed a third grievance for "nose and hernia surgeries denied for months and now your delay," and reiterated that he had sent written documentation of his communications with HSU to this court. *Id.* at 7. Bacon returned this grievance to Lonas, again instructing him to speak to HSU staff. *Id.* at 6.

Defendants are correct that none of these three grievances exhausted Lonas's administrative remedies because Lonas did not follow Bacon's instructions to follow § DOC 310.09(4) by attempting to informally resolve his medical problems with HSU staff first. Lonas did not fully exhaust these grievances through the DOC's Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310.

In his response, Lonas discusses a fourth grievance, No. OSCI-2017-4918, that he filed in mid-February 2017. But as I already concluded in the '752 case, this grievance did not exhaust his claims about medical care: that grievance was about delay in Lonas receiving his medical records, not directly about his health care, and in any event, Lonas did not appeal the dismissal of that grievance. *See Lonas*, No. 16-cv-752-jdp, 2019 WL 4451157, at *2. Lonas also argues that defendants already conceded in the '752 case that he had exhausted at least one grievance about his medical care. But he is incorrect; defendants have made no such concession.

I will also consider an alternative argument: that the grievance system was not truly available to Lonas and so he was not required to follow the entire ICRS process. If administrative remedies are not available to an inmate, then the inmate cannot be required to exhaust. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Prison officials may not take unfair

3

advantage of the exhaustion requirement and an administrative remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or use misconduct to prevent a prisoner from exhausting. *Id.*

In his responses to Bacon's letters advising Lonas to attempt informal resolution, Lonas stated that he had already provided to this court copies of the pertinent health service requests, which Lonas apparently believed adequate to show that he had already attempted to resolve his medical issues with HSU staff. In a document he filed in response to defendants' reply brief, Dkt. 38, Lonas now states that he included those health service requests with his first grievance on February 9, 2017. The documents Lonas refers to are eight health service requests filed between October 23, 2016, and January 20, 2017. Dkt. 38-2 at 1–8. Lonas says that Bacon intentionally destroyed these documents because the two did not get along, or, alternatively, they were lost in the ICE mailbox because inmates are not permitted to tape or staple documents together when they submit them to the ICE.[2]

Because defendants are the party moving for summary judgment, I will accept Lonas's statement that he indeed attached proof of his informal resolution attempts to his initial grievance.[3] If Lonas had evidence that the documents were intentionally destroyed by Bacon, I would likely conclude that Lonas had done all he could to litigate his grievance but was thwarted by misconduct on the part of prison officials, making the grievance system unavailable

---

[2] Lonas's filing is really a sur-reply to defendants' exhaustion motion. This court disfavors sur-replies, but because Lonas is a pro se litigant and because his sur-reply clarifies his argument, I will consider it.

[3] Lonas does not provide a declaration, made under penalty of perjury, relating his version of events. Nonetheless, again because Lonas is pro se, I will consider his factual assertions stated in his briefing, so long as the statements are about matters within his personal knowledge.

to him. But Lonas's unsupported assertions that he and Bacon didn't get along and that Bacon was removed from his ICE-office job for misconduct are not enough to raise a reasonable inference that Bacon destroyed the documents. Although I must construe all facts and reasonable inferences in the light most favorable to Lonas, I will not draw inferences that are "supported only by speculation or conjecture." *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). Lonas's mere speculation that his documents were destroyed by Bacon, without more, is not enough to show that his administrative remedies were unavailable.

The only reasonable inference from Lonas's statements that he indeed included health service requests with his first grievance and that prison rules forbid inmates from attaching documents with tape or staples is that the proposed attachments were lost or became separated from the grievance, through no fault of Bacon. The innocent loss of those documents did not make the administrative remedies unavailable. Bacon gave Lonas numerous chances to resubmit those materials to prove that he had complied with § DOC 310.09(4), but Lonas failed to do so. Lonas does not contend that he followed Bacon's instructions and refiled his grievance with the requested documents. Rather, Lonas told Bacon to contact HSU himself and that Lonas had sent documents of his efforts to resolve his issues to this court. Lonas has not submitted evidence suggesting that he was unable to obtain new copies of his documents and send them to the ICE; I note that he was able to get copies to send to the court in this lawsuit. I conclude that, despite the alleged loss of the documents, the grievance process was not unavailable to Lonas.

By declining to provide the ICE with requested documentation of his efforts to resolve his health issues with HSU, Lonas failed to follow the DOC's rules for exhaustion. Therefore,

5

Lonas failed to exhaust his administrative remedies and I will grant defendants' motion for summary judgment and dismiss this case.

Dismissal for failure to exhaust is always without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), which means that Lonas could file another lawsuit after fully exhausting a grievance about his medical problems. Because so much time has passed since the start of Lonas's medical problems, and he received surgery for his hernia in January of 2017, it may be impossible to properly exhaust a grievance about his hernia. If Lonas has still not received what he believes is proper care for his broken nose, he may still be able to file a proper grievance about the problem.

Lonas also requests that I recruit counsel for him. Dkt. 38 at 10–11. I have denied Lonas's previous motions for the recruitment of counsel and I will do so here because I am dismissing this case and the lack of counsel had no bearing on Lonas's ability to brief the exhaustion issue.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment based on plaintiff Dessie Russell Lonas's failure to exhaust administrative remedies, Dkt. 29, is GRANTED, and this case is DISMISSED without prejudice.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 38, is DENIED.

3. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered February 23, 2022.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge